**Steven Derrick IRVIN, Plaintiff–Appellant,**

v.

**F. CIAURI, et al., Defendants–Appellees.**

No. 99–55475.
D.C. No. CV–85–5567–HM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 6, 2001.

Decided Nov. 2, 2001.

Before HUG, B. FLETCHER, Circuit Judges, and ILLSTON, District Judge.**

## MEMORANDUM ***

Steven Derrick Irvin appeals pro se the district court's judgment for defendants in his 42 U.S.C. § 1983 action alleging that corrections officers at the California Institution for Men, Chico, California, used excessive force and subjected him to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments. We have jurisdiction under 28 U.S.C. § 1291.

Irvin challenges the district court's exclusion of certain evidence during a bench trial and its findings of fact and conclusions of law. Irvin also claims that he was denied a fair trial because the district

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

judge slept through portions of the trial and failed to sanction defendants for spoliation of evidence, and because Irvin's trial attorney committed malpractice preparing for and during the trial.

We review a district court's evidentiary rulings for an abuse of discretion, *Defenders of Wildlife v. Bernal*, 204 F.3d 920, 927 (9th Cir.2000), and its findings of fact and conclusions of law for clear error. *Howard v. United States*, 181 F.3d 1064, 1066 (9th Cir.1999). Reversal for general judicial misconduct can be warranted if the trial was unfair. *Handgards, Inc. v. Ethicon, Inc.*, 743 F.2d 1282, 1289 (9th Cir. 1984), *cert. denied* 469 U.S. 1190, 105 S.Ct. 963, 83 L.Ed.2d 968 (1985).

Upon examination of the trial record and the district court's thorough and well-reasoned order, we do not find an abuse of discretion in the district court's evidentiary rulings or clear error in its findings of fact and conclusions of law. We deny Irvin's remaining contentions for lack of merit or because they were not raised below. *International Union of Bricklayers & Allied Craftsman Local Union No. 20 v. Martin Jaska, Inc.*, 752 F.2d 1401, 1404 (9th Cir. 1985) (issues not raised before the district court are not reviewable on appeal, except in special circumstances such as to prevent manifest injustice).

**AFFIRMED.**